**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**
Civil No.

UNITED STATES OF AMERICA,

    Plaintiff,

    v.                                                                          **COMPLAINT**

LISA HAMMETT, SCOTT HAMMETT,                              **JURY TRIAL DEMANDED**
And TRAVIS HAMMETT,

    Defendants.

    The United States of America, for its complaint against Defendants Lisa Hammett,

Scott Hammett, and Travis Hammett, alleges as follows:

## NATURE OF ACTION

1.    This is an action brought by the United States to enforce the provisions of

Title VIII of the Civil Rights Act of 1968, as amended by the Fair Housing Amendments

Act of 1988, 42 U.S.C. § 3601, *et seq*. ("Fair Housing Act").

2.    The United States brings this action for injunctive relief and monetary

damages on behalf of Donald Bradach and Layna Theissen-Bradach pursuant to the Fair

Housing Act. 42 U.S.C. § 3612(o).

3.    The United States alleges that Defendants discriminated in the rental of a

dwelling and in the terms and conditions of tenancy because of a tenant's disability[1] by

refusing to make reasonable accommodations in rules, policies, practices or services when

---

[1] The FHA uses the term "handicap," *see* 42 U.S.C. § 3602(h), but consistent with modern
usage, the government uses the term "disability" in this Complaint.

such accommodations may be necessary to afford a person equal opportunity to enjoy a dwelling, in violation of the Fair Housing Act, 42 U.S.C. §§ 3604(f)(1), (f)(2) and (f)(3).

## JURISDICTION AND VENUE

4.     This Court has jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1345 and 42 U.S.C. § 3612(o).

5.     Venue is proper in this District pursuant to 28 U.S.C. § 1391 and 42 U.S.C. § 3612(o).

## PARTIES

6.     Plaintiff is the United States of America.

7.     Complainants     Donald     Bradach     and     Layna     Theissen-Bradach ("Complainants") are a married couple, residing together in Mankato, Minnesota. At the time of the alleged discrimination, Complainants resided together in Madison Lake, Minnesota, and were expecting a child.

8.     Donald Bradach is a person with a disability within the meaning of 42 U.S.C. § 3602(h). In 2015, he was struck in the head by a heavy pipe while engaged in municipal sewage maintenance work. He was subsequently diagnosed with a traumatic brain injury, which resulted in migraines, depression, anxiety, and vision impairment, which have negatively affected several of his major life actives of working, balancing, socializing, seeing, going outside, and impulse regulation. He has also developed diabetes, which negatively affects his major life activities, for instance, maintaining consciousness. Mr.

Bradach receives treatment from a number of medical professionals, including a neurologist, psychiatrist, and therapists.

9.      After his traumatic brain injury, and subsequent disabling conditions, Mr. Bradach became dependent on his two dogs, Coco and Domo, to alleviate the symptoms of his disabilities. Coco and Domo assisted Mr. Bradach in coping with his depression and anxiety by providing companionship in his home, where he spent the majority of his time after the injury because he was unable to work and became uncomfortable in social settings. Coco and Domo would also walk beside Mr. Bradach, helping him maintain balance and avoid falls due to any vision impairment he suffered after the traumatic brain injury. Finally, although not specifically trained to do so, Coco and Domo helped Mr. Bradach monitor his diabetes by alerting him to check if his blood sugar was too low, which often prevented him from becoming sick.

10.     At all times relevant to this Complaint, Defendants Lisa Hammett and Scott Hammett jointly owned and/or operated a mobile home park comprised of 28 lots commonly referred to as Pleasant Hill Manor, located at 901-905 Park Road, Madison Lake, Minnesota ("Subject Property").

11.     At all times relevant to this Complaint, Defendant Travis Hammett, son of Defendants Lisa Hammett and Scott Hammett, acted as the rental manager for the Subject Property and was an agent of Defendants Lisa Hammett and Scott Hammett.

## **FACTS**

12.    In or around August 2018, Complainants decided to seek new housing instead of renewing their lease at their rental home in Madison Lake, Minnesota, which was ending in September 2018. Complainants sought new housing in part due to mold and mice infestation in their then-current rental home and out of concern for the health of their unborn child.

13.    On or around August 11, 2018, Complainants saw an advertisement on craigslist.org for a mobile home and a lot (Lot 10) within the Subject Property, being available for rent ("Subject Lot"). Complainants found the Subject Lot attractive because it was more affordable for them than their then-current rental home.

14.    That same day, Complainants exchanged emails with Defendant Travis Hammett regarding the Subject Lot. They asked whether there was a pet policy and disclosed that they had two large dogs that were Mr. Bradach's "emotional support animals."

15.    During the e-mail exchange, Defendant Travis Hammett confirmed that the Subject Lot was available for rent, that they allowed pets in the mobile home, and that a pet policy was in place, which included a non-refundable pet deposit of $200 and a monthly fee of $4. He offered to set a time to meet the Complainants and show them the Subject Lot.

16.    On or about August 15, 2018, Complainants toured the Subject Property and submitted a rental application to Defendant Travis Hammett. They reminded him about

their emotional support animals and offered to provide supporting medical documentation, if requested. The Complainants stated that both dogs were pit bulls. Defendant Travis Hammett did not object to the assistance animals.

17.     After the August 15, 2018, tour, Defendant Travis Hammett ran a background check on the Complainants and determined that the Complainants were qualified for the rental.

18.      Defendant Travis Hammett subsequently tendered the Complainants' rental application to Defendants Lisa Hammett and Scott Hammett, who instructed him not to rent the Subject Lot to the Complainants because they had pit bull dogs.

19.     On or about August 17, 2018, Defendant Travis Hammett telephoned Complainants and informed them that their application was denied because of the breed of the assistance animals.

20.     Defendants never met Mr. Bradach's emotional support animals, or otherwise observed their behavior.

21.     Shortly after, Defendants rented the Subject Lot to an applicant who does not have an emotional support animal.

22.     On or about October 9, 2018, Complainants filed a complaint with the U.S. Department of Housing and Urban Development (HUD) alleging that they were discriminated against on the basis of Mr. Bradach's disability. The complaint was amended in June 2020, to provide Defendant Travis Hammett's correct name, and to add Lisa Hammett and Scott Hammett as respondents.

5

23.     During the investigation into the housing discrimination complaint, Defendants Travis Hammett and Lisa Hammett advised HUD that Pleasant Hill Manor does not have a policy in place governing emotional support animals. Pleasant Hill Manor's pets policy states that "[i]f a pet/pets seems to be potentially dangerous or unmanageable, it will not be allowed to be kept in the park."

24.     Defendants Travis Hammett and Lisa Hammett further advised HUD that they allow service dogs regardless of breed, but that they believe emotional support animals are different.

25.     Defendants' denial of Complainants' rental application was based on a generalized impression of a dog breed, and did not involve an individualized assessment of Mr. Bradach's emotional support animals.

26.     As a result of Defendants' actions, Complainants have suffered actual damages, including but not limited to physical and emotional distress, inconvenience, frustration, and loss of a housing opportunity.

## PROCEDURAL BACKGROUND

27.     As required by the Fair Housing Act, 42 U.S.C. § 3610(a) and (b), the Secretary of HUD conducted an investigation of the complaint made by Complainants, attempted conciliation without success, and prepared a final investigative report.

28.     Based on the information gathered in the HUD investigation, the Secretary, pursuant to 42 U.S.C. § 3610(g), determined that reasonable cause exists to believe that illegal discriminatory housing practices occurred.  On August 24, 2020, the Secretary

6

issued a Determination of Reasonable Cause and Charge of Discrimination pursuant to 42 U.S.C. § 3610(g), charging the Defendants with discrimination under the Fair Housing Act.

29.     On August 27, 2020, Complainants elected to have the claims asserted in HUD's Charge of Discrimination resolved in a federal civil action pursuant to 42 U.S.C. § 3612(a).

30.     On September 1, 2020, a HUD Administrative Law Judge issued a Notice of Election and terminated the administrative proceedings on the HUD complaint filed by Complainants. Following the Notice of Election, the Secretary of HUD authorized the Attorney General to commence a civil action pursuant to 42 U.S.C. § 3612(o).

31.     The United States now timely files this Complaint pursuant to the Fair Housing Act, 42 U.S.C. § 3612(o).

## FAIR HOUSING ACT VIOLATIONS

32.     The United States incorporates by reference the preceding paragraphs of this Complaint.

33.     Defendants Scott Hammett, Lisa Hammett, and Travis Hammett violated 42 U.S.C. § 3604(f)(1) by making housing unavailable to Complainants on the basis of Complainant Donald Bradach's disability when they denied Complainants' rental application because of the breed of their emotional support animals. 42 U.S.C. § 3604(f)(1).

34.     Defendants Scott Hammett, Lisa Hammett, and Travis Hammett violated 42 U.S.C. § 3604(f)(2) by subjecting Complainants to different and less favorable terms, conditions, or privileges of sale or rental of the Subject Property on the basis of

7

Complainant Donald Bradach's disability when they denied Complainants' rental application because of the breed of their emotional support animals which provided Mr. Bradach emotional and cognitive support, but Defendants would have allowed service dogs that provide assistance for physical disabilities, regardless of breed. 42 U.S.C. § 3604(f)(2).

35.     Defendants Scott Hammett, Lisa Hammett, and Travis Hammett violated 42 U.S.C. § 3604(f)(3) by failing to modify their policies when they knew Complainants' dogs were assistance animals, as such accommodation would have provided Mr. Bradach an equal opportunity to enjoy the dwelling as nondisabled tenants. 42 U.S.C. § 3604(f)(3).

36.     The Complainants are aggrieved persons as defined in 42 U.S.C. § 3602(i) and have suffered injuries as a result of Defendants' actions.

37.     Defendants' discriminatory actions were intentional, willful, and taken in disregard of the rights of the Complainants.

## REQUEST FOR RELIEF

WHEREFORE, the United States requests that this Court:

1.     Declare that Defendants' discriminatory housing practices as set forth above violate the Fair Housing Act;

2.     Enjoin and restrain Defendants, their officers, employees, agents, successors, and all other persons or corporations in active concert or participation with Defendants, from:

A.   Discriminating in the sale or rental, or otherwise making unavailable or denying, a dwelling to any buyer or renter because of disability, in violation of 42 U.S.C. § 3604(f)(1);

B.   Discriminating against any person in the terms, conditions, or privileges of sale or rental of a dwelling, or in the provision of services or facilities in connection with such dwelling, because of disability, in violation of 42 U.S.C. § 3604(f)(2); and

C.   Refusing to make reasonable accommodations in rules, policies, practices, or services, when such accommodations may be necessary to afford a person with a disability equal opportunity to use and enjoy a dwelling, in violation of 42 U.S.C. § 3604(f)(3)(B)

3.   Order Defendants to take such affirmative steps as may be necessary to restore, as nearly as practicable, Complainants to the position they would have been in but for the discriminatory conduct;

4.   Order Defendants to take such actions as may be necessary to prevent the recurrence of any discriminatory conduct in the future and to eliminate, to the extent practicable, the effects of their unlawful conduct, including implementing policies and procedures to ensure that no applicants or residents are discriminated against because of disability;

5.   Award monetary damages to Complainants pursuant to 42 U.S.C. §§ 3612(o)(3) and 3613(c)(1); and

9

6.      Order such additional relief as the interests of justice require.


DATE: September 23, 2020                          ERICA H. MacDONALD
                                                  United States Attorney

                                                  *s/ Bahram Samie*

                                                  BAHRAM SAMIE
                                                  Assistant United States Attorney
                                                  Attorney I.D. No. 392645
                                                  District of Minnesota
                                                  600 United States Courthouse
                                                  300 South Fourth Street
                                                  Minneapolis, MN 55415
                                                  E-Mail: bahram.samie@usdoj.gov
                                                  Phone: (612) 664-5600